**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRIDGEPORT PAIN CONTROL CENTER, LTD., on behalf of plaintiff and the class members defined herein, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MEDPLUS, INC., EMG3, LLC, and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

<u>COMPLAINT  – CLASS ACTION</u>

<u>MATTERS COMMON TO MULTIPLE COUNTS</u>

<u>INTRODUCTION</u>

1.     Plaintiff Bridgeport Pain Control Center, Ltd. brings this action to secure redress for the actions of defendants MedPlus, Inc., and EMG3, LLC,  in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

<u>PARTIES</u>

3.     Plaintiff Bridgeport Pain Control Center, Ltd. is an Illinois corporation.  Its offices are located in Chicago, Illinois, where it maintains telephone facsimile equipment.

1

4.     Defendant MedPlus, Inc., is an Ohio corporation with principal offices at 4690 Parkway Drive, Mason, OH 45040.

5.     Defendant MedPlus, Inc., is the Healthcare Information Technologies subsidiary of Quest Diagnostics.

6.     Defendant MedPlus, Inc., offers "Care360 EHR," which it describes, at http://care360.questdiagnostics.com/About-Our-Company.cfm, as "a web-based solution that provides physicians with online laboratory test ordering, ePrescribing, clinical messaging and clinical documentation."

7.     MedPlus, Inc., is the registrant of the website Care360.com.

8.     Defendant EMG3, LLC,  is a limited liability company chartered under Maine law with offices at 380 US Route 1, Falmouth, ME 04105.

9.     Defendant EMG3, LLC is engaged in the business of what it describes as "Experiential Marketing."  It describes its services as follows:  "Founded in 2003, EMG3 is a nationally recognized, award-winning experiential marketing agency that specializes in bringing leading brands and their audiences together for mutual benefit. We proudly work with some of the biggest and best companies in the world, across industries, categories and product types. We generate uncommon results for clients by creating, enhancing and monetizing the emotional connections central to purchase decisions, audience affinity and long-term customer relationships. If you are looking for proof of expertise, please feel free to explore this site." (http://www.emg3.com/company)

10.     Among the services provided by defendant EMG3, LLC are "Mobile Marketing, Local Event Production, Cause Marketing, Exhibit Design, Grassroots / Guerilla Sampling, Corporate Hospitality, Customer Acquisition, Employee Event Production" and "Contest / Sweepstakes." (Id.)

11.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know

who they are.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

13. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

14. Venue in this District is proper for the same reason.

## FACTS

15. On June 27, 2012, plaintiff Bridgeport Pain Control Center, Ltd. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

16. Discovery may reveal the transmission of additional faxes as well.

17. The fax invites the recipient to attend a "debate" to be conducted in Tinley Park, Illinois, concerning adoption of electronic health records systems.

18. The "debate" was described as follows by defendants: "Event Details/ Decision 2012: Care360 Health Records Debate/ DATE: Tuesday, July 10, 2012 — Thursday, August 23, 2012/ LOCATION: In 23 cities across the country/ CONTACT: info@Care360.com/ or call 888-884-4660 / DESCRIPTION: To help physicians make an informed choice about managing their patients' health records, team members from Quest Diagnostics are hosting Decision 2012: Care360 Health Records Debate events in 23 cities across the country this summer. During these events, supporters from the Paper Party will engage in a spirited debate with the Electronic Electorate on both the challenges and benefits of paper versus electronic records." (http://www.medplus.com/calendar/555/33670)

19. The "debate" is a marketing device developed by EMG3 on behalf of MedPlus,

3

Inc., for the purpose of convincing purchasers to buy the electronic health records system sold by MedPlus, Inc.

20.     The fax directs responses by fax to 207-828-4704, which is the fax number of EMG3, or by phone to 888-884-4660, which is EMG3's phone number.

21.     Defendants MedPlus, Inc., and EMG3, LLC, are responsible for sending or causing the sending of the faxes.

22.     Defendant MedPlus, Inc.,  as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

23.     Defendants MedPlus, Inc., and EMG3, LLC,  either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

24.     On information and belief, the faxes were sent as part of a mass broadcasting of faxes.

25.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

26.     The faxes do not contain an "opt out" notice as required by 47 U.S.C. §227. Consequently, it was unlawful to send them even if the sender had an established  business relationship with the recipient or obtained permission.  *Holtzman v. Turza*, 11-3188 and 11-3746, at 3, 2013 WL 4506176 (7th Cir., August 26, 2013);  *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

27.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

28.     Plaintiff incorporates ¶¶ 1-27.

29.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine

4

..." 47 U.S.C. §227(b)(1)(C).

30.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C)  both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

31.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

32.    Plaintiff and each class member is entitled to statutory damages.

33.    Defendants violated the TCPA even if their actions were only negligent.

34.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

35.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent "Care360 Health Records Debate" faxes (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

36.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

37.    There are questions of law and fact common to the class that predominate over

5

any questions affecting only individual class members.  The predominant common questions include:

    a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.    The manner in which defendants compiled or obtained their list of fax numbers;

    c.    Whether defendants thereby violated the TCPA;

    d.    Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

    e.    Whether defendants thereby converted the property of plaintiff.

    f.    Whether defendants thereby created a private nuisance.

    g.    Whether defendants thereby committed a trespass to chattels.

38.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

39.    Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

40.    A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

41.    Several courts have certified class actions under the TCPA. *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*,  259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,*

10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

42.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Actual damages;

b.     Statutory damages;

c.     An injunction against the further transmission of unsolicited fax advertising;

d.     Costs of suit;

e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

43.     Plaintiff incorporates ¶¶ 1-27.

44.     Defendants engaged in unfair acts and practices, in violation of ICFA §2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

45.     Unsolicited fax advertising is contrary to the TCPA and also Illinois law.  720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

46.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

47.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

48.     Defendants engaged in such conduct in the course of trade and commerce.

49.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

50.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

51.     Defendants should be enjoined from committing similar violations in the future.

8

## CLASS ALLEGATIONS

52.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, (c) were sent "Care360 Health Records Debate" faxes (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

> a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> b.     Whether defendants thereby violated the TCPA;
>
> c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
>
> d.     Whether defendants thereby converted the property of plaintiff.
>
> e.     Whether defendants thereby created a private nuisance.
>
> f.     Whether defendants thereby committed a trespass to chattels.

55.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

57.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

58. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Attorney's fees, litigation expenses and costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

59. Plaintiff incorporates ¶¶ 1-27.

60. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

61. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

62. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

63. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

64. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

65.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

66.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent "Care360 Health Records Debate" faxes (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

67.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

68.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

   a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

   b.     Whether defendants thereby violated the TCPA;

   c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

   d.     Whether defendants thereby converted the property of plaintiff.

   e.     Whether defendants thereby created a private nuisance.

   f.     Whether defendants thereby committed a trespass to chattels.

69.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

70.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

71.     A class action is the superior method for the fair and efficient adjudication of this

11

controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

72. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

## COUNT IV – PRIVATE NUISANCE

73. Plaintiff incorporates ¶¶ 1-27.

74. Defendants' sending plaintiff and the class members unsolicited faxes was an unreasonable invasion of the property of plaintiff and the class members and constitutes a private nuisance.

75. Congress determined, in enacting the TCPA, that the prohibited conduct was a "nuisance." *Universal Underwriters Ins. Co. v. Lou Fusz Automotive Network, Inc.*, 401 F.3d 876, 882 (8th Cir. 2005).

76. Defendants acted either intentionally or negligently in creating the nuisance.

77. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

78. Defendants should be enjoined from continuing its nuisance.

## CLASS ALLEGATIONS

79.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers, (b) who, on or after a date five years prior to the filing of this action, (c) were sent "Care360 Health Records Debate" faxes (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

80.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

81.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.      Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.      Whether defendants thereby violated the TCPA;

        c.      Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        d.      Whether defendants thereby converted the property of plaintiff.

        e.      Whether defendants thereby created a private nuisance.

        f.      Whether defendants thereby committed a trespass to chattels.

82.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

83.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

84.     A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

85.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

## COUNT V – TRESPASS TO CHATTELS

86.     Plaintiff incorporates ¶¶ 1-27.

87.     Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

88.     Defendants' sending plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment. *Chair King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes), vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

89.     Defendants acted either intentionally or negligently in engaging in such conduct.

90.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes.

91.     Defendants should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

92.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action,  (c) were sent "Care360 Health Records Debate" faxes (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

93.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

94.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

> a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;
>
> b.     Whether defendants thereby violated the TCPA;
>
> c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.
>
> d.     Whether defendants thereby converted the property of plaintiff.
>
> e.     Whether defendants thereby created a private nuisance.
>
> f.     Whether defendants thereby committed a trespass to chattels.

95.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

96.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

97.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

98.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Appropriate damages;

b.      An injunction against the further transmission of unsolicited fax advertising;

c.      Costs of suit;

d.      Such other or further relief as the Court deems just and proper.


  s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>    s/ Daniel A. Edelman    </u>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\29018\Pleading\Revised Complaint_Pleading.wpd

17